### FORTIN vs. BLOUNT.

APPEAL from the court of the third district.

MARTIN, J. delivered the opinion of the court. The defendant, sued on his promissory note, pleaded the want, and failure of its consideration—that he had been prevailed on by the assurance that the plaintiff held a good title to a certain tract of land, to purchase it, and gave the note, sued on, as part of the price. That the plaintiff cannot make him a good title, having none himself; and has failed to give him quiet and peaceable possession—that the tract does not contain by $\frac{1}{20}$ the quantity of land anounced—that one Pyeburn claims it, and has brought suit therefor.

The Jury found a verdict for the plaintiff, but directed a stay of execution till he made a complete title, and put the defendant in peaceable possession.

The purchaser cannot claim a diminution of the price for a deficiency of measure, unless the real measure falls short of that expressed in the contract, by one twentieth part.

The deed is of itself evidence, of the vendor's consent the vendee should take possession, when the thing sold is not, at the time, in that of a third party, and this consent is itself a legal delivery.

East'n District.
*April*, 1823.

FORTIN
*vs.*
BLOUNT.

There was judgment in his favor, suspending its execution till the plaintiff gave security to indemnify the defendant against the consequences of Pyeburn's suit; or till he be quieted in his possession, now disturbed by that suit. The latter appealed.

The parish judge, who had, as a notary, received the act of sale, testified to the execution of the note before him, as the consideration of a tract of land.

The defendant introduced the act of sale, the record of Pyeburn's suit, the certificate of the commissioners of the United States, confirming Pyeburn's claim and rejecting the plaintiff's.

Julia Fortin deposed, both the defendant and Pyeburn were on the plaintiff's land (a large tract of 3000 acres,) 320 acres would cover all the improvements of both. Pyeburn began his in 1812; the defendant lived in his present house in 1819.

Lesage deposed, he surveyed the plaintiff's tract of 3000 acres, part of which he had sold the defendant, and part to others. The defendant's house is not within the 409 acres the plaintiff sold him, and surveyed by the witness. The line passes through his yard, but ex-

cludes his house, but includes the greatest part of his improvements. Both parties were present at this survey, which was made in July, 1819.

Theriot deposed, he was a chain carrier to Lesage, when the latter made this survey— When it was discovered that Pyeburn was on the land, the defendant expressed his disapprobation, and the plaintiff said he wonld give Pyeburn ten days only to move off; after which he would sue him.

The plaintiff read his notice to the commissioners for the claim of his tract of 3000 arpents, with the Baton Rouge Gazette of April 24, 1819, containing the act of Congress of the 3d March, preceding with regard, to land claims—to show that it was published there, within five miles of the tract, on that day.

The principal difficulty in this case has been in regard to the alleged want of delivery of possession.

The deed is of itself evidence, of the vendor's consent the vendee should take possession, when the thing sold is not, at the time, in that of a third party. *Civil Code*, 350, *art.* 30; and this consent is itself a legal delivery, *id.* 29.

FORTIN
*vs.*
BLOUNT.

Now it is in evidence that the defendant is in possession of a considerable portion of the land sold.   The greatest part of his improvements are on, and his house quite by it.   But it is also in evidence, that Peyburn was in possession of some part of it, a short time before the date of the deed, which is the 26th July, 1819—he was there at the time of the survey, in the preceding month of June.   It is not alleged that he ever disturbed the defendant's possession or title, till nearly three years after—not till after the inception of the present suit.   His first claim is of the 2d of May, 1822, asserting then his claim to a tract of 640 square arpents, and complaining that the defendant had taken possession of some part of it.

Nothing in the evidence establishes that this possession extended over twenty arpents, or a twentieth part of 409 square arpents, which the plaintiff sold to the defendant.   If nineteen-twentieths of the tract was not prevented, by Peyburn's adverse possession, from becoming the defendant's absolute property; by the constructive delivery of possession, which resulted from the deed, he could neither demand the cancelling of the sale, nor a

diminution of the price, on account of the dif-
ference between the quantity of land sold, and
that delivered; *Civ. Code* 352, *art.* 43. and if he
could, on account of a larger difference, he was
bound to demand it within a year from the
date of the deed.—*ib. arts.* 44–46.

The district court were not bound by that
part of the verdict, which requires that the execution be stayed. Facts only are to be found
by the jury—the law is to be applied by the
court.

If the title of the defendant be defective,
he has the remedy which all vendee's have
in the warranty of the vendor. If his possession is liable to be disturbed, the court has
provided for his redress, by directing that the
price may not be demandable till security be
given for its indemnification.

It is therefore ordered, adjudged and decreed, that the judgment be affirmed with
costs.

*Dumoulin* for the plaintiff, *Preston* for the
defendant.